BROWN (PIERCE v.).    See Case No. 11,143.

BROWN (PIPER v.).    See Case No. 11,180.

---

## Case No. 2,027.

### BROWN v. ROBERTSON.

[Hayw. & H. 134.][1]

Circuit Court, District of Columbia. April 7, 1843.

#### FALSE IMPRISONMENT.

In an action for false imprisonment under the by-law of the corporation of the city of Washington, approved May 31, 1827, it is necessary for the plaintiff to show evidence of his exemption from its general provisions to entitle him to remedy against the officer.

At law. This is an action of trespass vi et armis for assault and battery and alleged imprisonment and detention, brought by the plaintiff [Charles H. Brown], a free negro, against the defendant [Robert B. Robertson], a police officer of the city of Washington, for arresting and imprisoning the plaintiff in the watch-house for being out after ten o'clock at night, contrary to the provisions of the by-law of the corporation of the city of Washington, approved May 31, 1827.[2] Plea not guilty. [Verdict and judgment for defendant.]

D. A. Hall, for plaintiff.

Joseph H. Bradley, for corporation of Washington.

The case was considered as if it contained a plea setting out that the plaintiff was the servant, and in the employment when taken up by the defendant, of the Hon. Daniel Webster, a senator of the United States, whom he was then attending, and but temporarily resident in the district.

The counsel for the plaintiff said that this by-law was inconsistent with the provisions of the charter, which confers no authority upon the corporation to pass this enactment.

The attorney for the corporation said that this very point was decided in the case of Nichols v. Burch [Case No. 10,240], about

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] "Sec. 6. And be it enacted, &c., that no free black or mulatto person shall be allowed to go at large through the city of Washington, at a later hour than ten o'clock at night, excepting such free black or mulatto persons have a pass from some justice of the peace or respectable citizen, or be engaged in driving a cart, wagon or other carriage. And any free person of color found offending against the provisions of this section shall, on conviction thereof, before a justice of the peace, forfeit and pay a sum not exceeding ten dollars; and all such offenders may be confined in a lock-up house until the following morning." Rothwell's Laws, 197.

four years ago, when the court were unanimously of opinion that the charter gave the corporation of Washington competent power to pass the law.

Under the proviso that the act "shall not be construed to apply to or affect the condition of any negro or mulatto who may be attached to or in the service of any transient person or member of congress, while in such employment, or who may have been sent to the city on business of his employer," the counsel for plaintiff prayed the court to instruct the jury that if they shall be of opinion that Charles H. Brown was in the employment of Hon. Daniel Webster, then a senator of congress, at the time of the arrest, the act has no application to him, and affords no justification to the officer making the arrest.

Which the court refused to give, and said that the corporation has full authority to pass the law; and that the plaintiff, to come within the proviso and exception to the general principle of the law, must show that he exhibited the evidence of his exemption from its general provisions to the officer making the arrest, and upon the trial prove in evidence that he did so exhibit it.

Verdict and judgment for defendant.

Counsel for plaintiff moved for a new trial because the court misdirected the jury. Motion overruled.